IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL WIDMER,** ) | |
| No. B30985, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-01131-GPM |
| ) | |
| **J. KEMPFER,** ) | |
| **C/O DAVIS,** ) | |
| **C/O LINDBERG,** ) | |
| **LAWLESS,** ) | |
| **SCHURTZ,** ) | |
| **C/O KILPATRICK,** ) | |
| **C/O SPILLER, and** ) | |
| **C/O WESTERMAN,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Michael Widmer, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on a variety of incidents, primarily involving excessive force and harassment by prison guards (Doc. 1). Contending that his life is in imminent danger, Plaintiff also moves for a temporary restraining order (Doc. 2).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

>     (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>       (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>       (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, On October 8, 2013, C/O Kempfer cuffed Plaintiff's hands behind his back so tightly that the skin was cut and Plaintiff lost sensation in his hands. Kempfer then intentionally lifted Plaintiff's arms high, causing Plaintiff (who has unspecified medical

needs permits) to stoop over in pain.  C/O Davis also squeezed Plaintiff's cuffs, as Plaintiff screamed in pain.  C/O Lindberg and Sgt. Schurtz watched Plaintiff beg for relief, but they did nothing.  Lindberg commented that Plaintiff was going to learn what happens to snitches.  Schurtz then smiled at Lindberg and proceeded to hit Plaintiff in the face with his fist, chipping Plaintiff's tooth.  Although Plaintiff requested medical treatment, Kempfer, Davis, Schurtz and Lindberg did nothing to aid Plaintiff.  Rather, Kempfer walked Plaintiff back to his cell, with Plaintiff's cuffed arms held high behind his back, and his mouth bleeding.

On October 25, 2013, Plaintiff C/O Kilpatrick opened the slot to Plaintiff's cell door to allow trash and laundry to be removed.  An inmate worker then slammed the slot door on Plaintiff's fingers, holding it closed for a minute.  The tip of Plaintiff's finger was cut off and the nail was damaged.  C/O Kilpatrick did nothing but laugh, and he then refused to get Plaintiff medical care.

On October 26, 2013, C/O Spiller and C/O Westerman refused to "contact medical staff" for Plaintiff.  After Plaintiff asked to speak to a supervisor, Spiller refused to open Plaintiff's door slot for trash pick-up.  Shortly thereafter, Plaintiff heard who he believed to be C/O Davis go behind his cell and jerk the cable cord, breaking Plaintiff's television.  The voice then announced, "Write that up, bitch."

Plaintiff further complains that on July 31, 2013, as he was boarding a bus to go to court, C/O Lawless seized his legal mail and legal pads.  Plaintiff contends Lawless denied him access to the courts and, as a result, he lost parental rights.  Plaintiff characterizes Lawless's actions as retaliation.

Compensatory and punitive damages are sought, as well as injunctive relief.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** On October 8, 2013, Defendants Kempfer, Davis, Lindberg and Schurtz violated Plaintiff's rights under the Eighth Amendment by subjecting him to excessive force and by denying him medical care;

**Count 2:** On October 25, 2013, Defendant Kilpatrick stood by while Plaintiff was injured by another inmate, and then refused Plaintiff medical care, all in violation of the Eighth Amendment;

**Count 3:** October 26, 2013, Defendants Spiller and Westerman both refused to contact medical staff for Plaintiff; Spiller subsequently refused to open Plaintiff's door slot; and Defendant Davis damaged Plaintiff's television; and

**Count 4:** On July 31, 2013, Defendant Lawless retaliated against Plaintiff and denied him access to the courts, all in violation of the First Amendment.

## Discussion

### Count 1

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be

serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The October 8, 2013, incident involving Defendants Kempfer, Davis, Lindberg and Schurtz, subjecting Plaintiff to excessive force and denying him medical care for his injuries, presents a colorable Eighth Amendment claim against each of the four defendants and shall proceed.

**Count 2**

Count 2 pertains to an October 25, 2013, incident where Defendant Kilpatrick stood by while Plaintiff was injured by an inmate worker, and then Kilpatrick failed to get Plaintiff medical care. A bystander, such as Kilpatrick, can be liable under the Eighth Amendment if he had a realistic opportunity to intervene to prevent the harm. *See generally Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). And, as noted relative to Count 1, deliberate indifference to a serious medical need—even the prolonging of pain—can violate the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Therefore, Count 2 states a colorable constitutional claim and may proceed.

**Count 3**

Count 3, as pleaded, fails to state an actionable constitutional claim and will, therefore, be dismissed without prejudice.

The allegation that Defendants Spiller and Westerman refused to "contact medical staff," by itself, does not implicate the Eighth Amendment. There is no allegation that Plaintiff needed medical care—nothing to place Plaintiff's request in context.

Furthermore, the allegation that, after Plaintiff asked to speak to a supervisor, C/O Spiller refused to open Plaintiff's door slot for trash pick-up does not amount to a constitutional violation. Under the First Amendment "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987); *see also Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). However, merely asking to speak to a supervisor is not protected under the First Amendment. In *Bridges v. Gilbert*, 557 F.3d 541, 554-55 (7th Cir. 2009), the appellate court opined that it is implausible to think that a threat to file a grievance would itself constitute activity protected under the First Amendment.

Similarly, any suggestion that C/O Davis was retaliating against Plaintiff when he broke Plaintiff's television is too attenuated, as pleaded, to constitute a colorable First Amendment claim. Furthermore, infringement of property rights is within the exclusive jurisdiction of the Illinois Court of Claims. *See* 705 ILCS 505/8(a), (d); *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of a damages remedy in state court is an adequate post-deprivation remedy, so the Due Process Clause of the Fourteenth Amendment is not implicated).

**Count 4**

The allegations in Count 4 regarding C/O Lawless seizing Plaintiff's legal materials as Plaintiff was leaving for a court appearance, purportedly causing Plaintiff to lose his parental rights, fails to state a colorable First Amendment claim. The First Amendment's guarantee of access to the courts prohibits prison officials from actively interfering with inmates' attempts to prepare or file legal documents (*see Johnson v. Avery,* 393 U.S. 483, 484, 489–490 (1969); *Ex parte Hull,* 312 U.S. 546, 547–549 (1941)), or to pursue legal claims (*see Lewis v. Casey*, 518 U.S. 343, 349-54 (1996), but is *not* so broad as to guarantee a right to litigate effectively once in

court (*see Lewis v. Casey*, 518 U.S. 343, 354 (1996)).  At best, Count 4 describes C/O Lawless frustrating Plaintiff's legal efforts, but not impeding his access to the courts—the sort of injury *Lewis v. Casey* found to be beyond First Amendment protection.

Insofar as Plaintiff characterizes Lawless's action as "retaliation," there is no indication what Lawless would have been retaliating for.  Plaintiff's First Amendment retaliation claim is frivolous and will be dismissed.

Thus, Count 4 fails in all respects and will be dismissed, with prejudice.

## Severance

Although Counts 1 and 2 state colorable constitutional claims, and Count 3 is dismissed without prejudice, those claims cannot proceed in the same case.  In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).  Although the claims are similar in nature, Counts 1-3 contain unrelated factual allegations against different defendants.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, Count 1 shall proceed in this case.  The Court shall sever Count 2 and open a new case with a newly-assigned case number for that claim.  Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on that claim or incur the additional filing fee.

Because Count 3, as pleaded, fails to state a colorable federal claim, and the property claim must, therefore, be pursued in the Illinois Court of Claims, that Count will be dismissed

without prejudice from this action, leaving Plaintiff to determine if he wants to re-plead that claim in a separate case. Count 3 may not be re-pleaded in this action, which shall proceed only on Count 1.

## Motion for Temporary Restraining Order

Within the complaint (Doc. 1) and by separate motion (Doc. 2), Plaintiff Widmer asserts that his life is in danger. He seeks "injunctive relief" in order to prevent the "great likelihood" of new incidents of excessive force, retaliation, destruction of his personal property, and being harmed by other inmates because Defendants have labeled him as a snitch. Plaintiff's motion is construed as a motion for temporary restraining order ("TRO").

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO may issue without notice only if:

> (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1).

Without expressing any opinion on the merits of Plaintiff's claims, the Court is of the opinion that a temporary restraining order is not warranted. Plaintiff's allegations do not clearly demonstrate the likelihood of immediate and irreparable harm before Defendants can be heard on Count 1 in this action or Count 2 in the newly severed case. Although the Court does take Plaintiff's allegations seriously, he offers only conclusory assertions about his fear of a future assault. Consequently, Plaintiff's motion for a TRO (Doc. 2) shall be denied.

**Miscellaneous Pending Motions**

Also before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3), which shall be decided by separate order. Although it has yet to be determined whether Plaintiff qualifies for pauper status, a review of his trust fund account statement (Doc. 3, pp. 4-5) reveals that Plaintiff clearly cannot afford to effect service of process. Therefore, Plaintiff's motion for service of process at government expense (Doc. 4) shall be granted.

**Disposition**

**IT IS HEREBY ORDERED** that, Plaintiff's motion for a TRO (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, **COUNT 3** is **DISMISSED** without prejudice; accordingly, Defendants **C/O SPILLER** and **C/O WESTERMAN** are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that **COUNT 4** is **DISMISSED** with prejudice and Defendant **LAWLESS** is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that **COUNT 2** against Defendant **C/O KILPATRICK** is **SEVERED** into a new case, asserting the following claim against **C/O KILPATRICK**:

> **On October 25, 2013, Defendant Kilpatrick stood by while Plaintiff was injured by another inmate, and then refused Plaintiff medical care, all in violation of the Eighth Amendment**

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings.

In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order;

(2) The Original Complaint (Doc. 1);

(3) Plaintiff's motion for injunctive relief (Doc. 2 ) (termed by this Order);

      (4)      Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) (pending); and

      (5)      Plaintiff's motion for service of process at government expense (Doc. 4) (pending)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing within 30 days **(on or before December 6, 2013)**. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $400.00 filing fee** in the new case. Service shall not be ordered on Defendant Kilpatrick until after the deadline for Plaintiff's response.

**IT IS FURTHER ORDERED** that the <u>*only claim remaining in this action is COUNT 1 against Defendants* **KEMPFER**, **DAVIS**, **LINDBERG** and **SCHURTZ**</u>.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED**. The Clerk of Court shall prepare for Defendants **KEMPFER**, **DAVIS**, **LINDBERG** and **SCHURTZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 6, 2013**

s/ G. PATRICK MURPHY
**United States District Judge**