IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL WIDMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-1131-NJR-DGW |
| | ) | |
| | ) | |
| J. KEMPFER, C/O DAVIS, C/O | ) | |
| LINDENBERG, and SCHURTZ, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Injunctive Relief filed by Plaintiff, Michael Widmer on April 8, 2014 (Doc. 38), and the Motion for Emergency Injunction filed by Plaintiff on May 12, 2014 (Doc. 53). For the reasons set forth below, it is **RECOMMENDED** that the Motions be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, Michael Widmer, is currently incarcerated at Menard Correctional Center and has filed a § 1983 lawsuit bringing various claims relating to a number of incidents allegedly involving excessive force and harassment by prison guards (Doc. 1). After a 28 U.S.C. § 1915A screening, Plaintiff was permitted to proceed on Count 1 of his Complaint (Doc. 6, p. 7). Count 1 alleges that Defendants Kempfer, Davis, Lindenberg, and Schurtz violated Plaintiff's Eighth Amendment rights by subjecting him to excessive force and denying him medical treatment (Doc. 6, p. 4).

Specifically, in Count 1 of his Complaint, Plaintiff alleges that, on October 8, 2013, Defendant Kempfer forcefully placed him in handcuffs, causing his hands to go numb.   Thereafter, Defendant Davis squeezed the handcuffs tighter, causing them to cut into his skin.   Plaintiff also alleges that, while handcuffed, Defendant Lindenberg struck him in the face, chipping his tooth. Defendants Kempfer, Davis, Shurtz, and Lindenberg allegedly denied Plaintiff the medical treatment he requested after being struck (Doc. 1).

A hearing on Plaintiff's Motion for Injunctive Relief and Motion for Emergency Injunction, which the Court construes as Motions for Preliminary Injunction, was held on May 27, 2014 in which Plaintiff and Defendant Lindenberg appeared by video-conference.   Plaintiff testified as to the events that allegedly occurred on October 8, 2013, as outlined above, and testified to a number of incidents involving the named Defendants that have occurred since his Complaint was filed.   Specifically, Plaintiff testified that on April 12, 2014, Defendant Davis threatened him, stating that "he would not walk out of Menard."   Plaintiff also provided the Court with an affidavit of David O'Brien attesting that, on this same day, Defendant Davis made statements meant to harass and intimidate Plaintiff (Doc. 54).   On May 3, 2014, Plaintiff testified that Defendant Davis stated "all these inmates need to be killed."   Further, Plaintiff testified that on May 5, 2014, Defendant Lindenberg told him, "I didn't even hit you that hard in the face, bitch."   Finally, on May 9, 2014, Plaintiff testified that, while leaving the legal exchange area, Defendant Davis threw a paper airplane at his head and Defendant Lindenberg raised his middle finger at Plaintiff, shoved it into his face and stated "fuck you." Plaintiff testified that he has been unable to obtain video evidence of the May 9, 2014 incident, but that it occurred in an area where cameras are located.

Plaintiff testified that he filed an emergency grievance with the warden at Menard Correctional Center relating to each of the above-mentioned incidents occurring after October 8, 2013, and has not received a response.

At that hearing, Defendant Lindenberg denied all of the allegations asserted against him by Plaintiff.   Defendant Lindenberg testified that he was not assigned to Plaintiff's gallery and did not have regular contact with him. However, Defendant Lindenberg indicated that Plaintiff attempts to provoke him when he has contact with him.   Also, Defendant Lindenberg testified that he has no knowledge of Defendant Davis' statements and never witnessed Plaintiff being assaulted by Defendant Davis.

### CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)).   The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit."   *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).   Plaintiff has the burden of demonstrating:

    1. a reasonable likelihood of success on the merits;
    2. no adequate remedy at law; and
    3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).   As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning."   *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).   The Court must then weigh "the

balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest."   *Id.*   In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm."   18 U.S.C. § 3626(a)(2).   Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Plaintiff testified that he has been harassed, threatened, assaulted, and injured by Defendants, and, as a result, is in fear for his life.   Although loss of life would certainly be an irreparable harm that would have no adequate remedy at law, *Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for.   The injury must be of a particular nature, so that compensation in money cannot atone for it." (quotation marks, internal editing marks, and citation omitted)), Plaintiff's testimony does not reveal any incidents to support the notion that he will endure such immediate, irreparable harm absent a preliminary injunction.   Plaintiff's testimony did not reveal any encounters with the Defendants resulting in any physical contact since the alleged October 8, 2013 incident.   Rather, Plaintiff's testimony revealed generalized claims of harassment and he offers merely conclusory assertions about his fear of future assault.   Further, Defendant Lindenberg denied the occurrence of all of the alleged incidents.   As a result, Plaintiff's allegations do not clearly demonstrate the likelihood of immediate and irreparable harm to warrant a preliminary injunction.   Further, it appears that Plaintiff's claims that he is being harassed and suffering retaliation could have an adequate remedy at law.

Finally, it is unlikely that Plaintiff will likely succeed on the merits of his claim at this time.[1]   The Court notes that Defendants' Answers (Doc. 41; Doc. 50) assert Plaintiff's failure to exhaust administrative remedies as an affirmative defense.   Plaintiff's lawsuit was filed less than a month after the alleged incident occurred.  As such, it is unlikely that Plaintiff would have exhausted his administrative remedies and it is highly likely that Defendants will seek dismissal on this ground.

**RECOMMENDATIONS**

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Injunctive Relief, filed on April 8, 2014 (Doc. 38) and Plaintiff's Motion for Emergency Injunction, filed on May 12, 2014 (Doc. 53), be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

It is further **RECOMMENDED** that the State be ordered to preserve any video evidence from Menard Correctional Center on May 9, 2014, positioned near the legal exchange area and the flat off of five-gallery where the medical unit and break room are located.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

---

[1]  Such a conclusion is not a judgment as to whether Plaintiff may ultimately prevail in this lawsuit.

**DATED: June 10, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**