IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WIDMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:13-CV-1131-NJR-DGW |
| | ) |
| J. KEMPFER, C/O DAVIS, C/O LINDENBERG, and SCHURTZ, | ) |
| | ) |
| Defendants. | ) |

# ORDER ADOPTING REPORT AND RECOMMENDATION

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on a Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 61), recommending that Plaintiff's Motion for Injunctive Relief (Doc. 38) and Motion for Emergency Injunction (Doc. 53) be denied. The Report and Recommendation was entered on June 10, 2014. Plaintiff filed an objection to the Report and Recommendation on July 18, 2014 (Doc. 71).[1]

**Background**

Plaintiff alleges that Defendants Kempfer, Davis, Lindenberg, and Schurtz violated his Eighth Amendment rights by subjecting him to excessive force and denying him medical treatment (Doc. 6, p. 4). Specifically, he claims that Defendants handcuffed him excessively tight and, while handcuffed, struck him in the face,

---

[1] Objections to the Report and Recommendation were due on or before June 27, 2014. Plaintiff filed his objection on July 18, 2014, more than two weeks late, citing prison library staff's failure to provide him timely e-filings as the reason for his untimely objection. The Court has considered the objection.

chipping his tooth. Afterwards, Defendants denied him medical care.

On May 27, 2014, Magistrate Judge Wilkerson conducted a hearing on Plaintiff's Motion for Injunctive Relief and Motion for Emergency Relief (Doc. 60). During the hearing, Plaintiff testified to the events alleged in the Complaint and also to events taking place since the Complaint was filed. Plaintiff testified to certain threats, such as from Defendant Davis stating, "he [Plaintiff] would not walk out of Menard," and that "all these inmates need to be killed," among others. Plaintiff alleged that he filed an emergency grievance with the warden at Menard Correctional Center relating to those threats but never received a response.

The Report and Recommendation accurately states the nature of the evidence presented by both sides, as well as the applicable law, and the extraordinary remedy represented by injunctive relief. Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Plaintiff failed to satisfy all of the elements required for injunctive relief. Magistrate Judge Wilkerson noted the threats and harassment alleged by the Plaintiff, and importantly, he noted that no encounters resulting in physical contact had occurred since the initial altercation. Magistrate Judge Wilkerson also discussed the likelihood that Plaintiff exhausted his administrative remedies, given that he filed the instant action less than a month after the alleged incident took place.

## Discussion

Where timely objections are filed, this Court must undertake a de novo review of the Report and Recommendation. 28 U.S.C. §636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill 1993); *see*

*also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part). However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. §636(b), this Court need not conduct a de novo review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Here, Plaintiff has filed an objection to the Report and Recommendation. In his objection, Plaintiff reiterates the same arguments that Defendants continue to threaten and harass him, and that he filed grievances under the emergency provision, which were not answered, rendering the grievance process unavailable to him.

Plaintiff has simply reintroduced the same points made before Magistrate Judge Wilkerson. With respect to the threats and harassment, Plaintiff has failed to demonstrate that generalized claims of harassment and conclusory assertions about his fear of future assault amount to a likelihood of immediate and irreparable harm sufficient to warrant a preliminary injunction. Further, it appears that Plaintiff has an adequate remedy at law. And, finally, Plaintiff's argument that the administrative process was made unavailable to him was already presented to Magistrate Judge Wilkerson, and Magistrate Judge Wilkerson found that Plaintiff was unlikely to succeed on the merits. Importantly, Magistrate Judge Wilkerson's findings did not speak to

Plaintiff's ultimate success, but rather to the appropriateness of injunctive relief.

Overall, the Court finds the factual findings and rationale of the Report and Recommendation sound. A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*quoting* 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). Plaintiff has failed to make a clear showing sufficient to require injunctive relief.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 61). Plaintiff's Motion for Injunctive Relief (Doc. 38) and Motion for Emergency Injunction (Doc. 53) are **DENIED**.

**IT IS SO ORDERED.**

DATED: September 17, 2014

*s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**United States District Judge**